## Korach v. Korach

*Harry B. Richardson*, for libellant.

McCREARY, P. J., November 21, 1947.—In the above-entitled case a libel was filed seeking a divorce a. v. m. on the ground of adultery, Louis Von Nickey, Sewickley Township, Allegheny County, Pa., being named as corespondent. On June 21, 1946, a subpœna was directed to issue returnable to the first Monday of August 1946. The record shows that the subpœna was served on respondent personally on July 30, 1946, and that on August 10, 1946, James S. Ruffner, Esq., was

appointed master by the court on motion of Harry B. Richardson, attorney for libellant. A hearing was had after due notice to respondent in Courtroom No. 3, Court House, Beaver, Pa., on September 4, 1946, at 9 a. m., at which hearing testimony of libellant and one witness was taken.

It appearing from the testimony that respondent, Stella Korach, is under the age of 21 years, a motion was made by counsel for libellant, on September 6, 1946, to have a guardian ad litem appointed to represent the interest of respondent, and thereupon Robert L. Orr, Esq., was appointed guardian ad litem for respondent. Since that time no further proceedings have been had in the matter.

The record shows that no notice of any kind was given to corespondent.

Only two witnesses were called to testify, one being Michael Korach, libellant, and the other being Mildred Sholnekovich. The only testimony in the record relating to the cause of divorce, namely, adultery, is the testimony of libellant to the effect that one Mrs. Pararade told libellant that while he was away in the military service his wife, respondent, committed adultery with Louis Von Nicky. Mildred Sholnekovich, the only other person who testified, stated of record nothing relative to the adultery of respondent, except that the reputation of respondent in the community in which she lives is bad.

Of course the libel, with the record in such state, would, of necessity, be dismissed by the court because the record discloses a total lack of any testimony, not of a hearsay nature, which throws any light on the question of adultery. We know of no case, and our attention has been called to none, where the court would have any right to conclude as a matter of law, or find as a matter of fact, that respondent was guilty

of adultery merely because some witness testified that respondent had a bad reputation for morality. Certainly such testimony would not throw any light on the question of the identity of corespondent.

However, we have reached the conclusion that the libel must be dismissed for other reasons, as follows:

1. No service of any subpœna or alias subpœna was ever had upon the guardian ad litem for minor respondent.

2. No notice of the hearing was ever given to corespondent. The Divorce Law of May 2, 1929, P. L. 1237, sec. 38, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §38, provides that in any case for divorce on the ground of adultery, libellant shall cause to be served personally, or by registered mail addressed to the last known post office address, a notice on any corespondent named and identified in the libel setting forth that such person was named in the proceedings as corespondent, designating the time and place of hearing, and such notice shall be served at least 10 days previous to the hearing. These provisions are mandatory (Nace v. Nace, 16 D. & C. 528; Rosch v. Rosch, 16 D. & C. 636; Stong v. Stong, 17 D. & C. 105; Brower v. Brower, 157 Pa. Superior Ct. 426).

3. Rule No. 133 of the Common Pleas Rules of Beaver County, as it was in effect at the time of the pendency of the above-entitled procedings, provides as follows:

"When a subpœna or alias subpœna has been duly served fifteen days before the return day, or publication duly made, the defendant shall answer the libel within four days after the return day; in default whereof the court may, on deposition taken before competent authority, or by appointment of a master, make such decree as shall be deemed just and reasonable."

The case was not at issue at the time libellant presented his motion for the appointment of a master, 15

days not having elapsed between the date of the service of subpœna on respondent on July 30, 1946, and the date of the appointment of a master on August 10, 1946. Under our rule of court respondent had until August 14, 1946, to file her answer and no motion for the appointment of a master should have been presented before the last day for filing an answer.

4. The court never did acquire jurisdiction over the minor for the purposes of entering a decree, it appearing from the record at the time of the hearing and at the time of the service of the subpœna on her respondent was under 21 years of age, and that no guardian ad litem had been appointed for her as required by the Pennsylvania Rules of Civil Procedure. The master had no authority to proceed with the taking of the testimony, nor does the court have authority to enter any decree, even if libellant had made out a case entitling him to a divorce on the merits. It has been held that where proceedings in divorce are set aside because of defective service, as in the case at bar, none of the testimony taken at the hearing is available at a rehearing, but all of the witnesses must be heard again: Burnsworth v. Burnsworth, 58 D. & C. 269. A minor respondent cannot waive service, nor can a guardian ad litem do so for her: Zurowsky v. Zurowsky, 60 D. & C. 160. Minors as respondents must be served before a guardian ad litem is appointed, and the latter cannot enter a general appearance for the minor: Burnsworth v. Burnsworth, 56 D. & C. 478; Zurowsky v. Zurowsky, supra.

In Thomas, etc., v. Thomas, 46 D. & C. 319, it was held that when in an action of divorce against a minor respondent a guardian ad litem is appointed for respondent, both minor respondent and the guardian ad litem must be served with the subpœna and libel.

In Stoops v. Stoops, 49 D. & C. 247, it was held that Pa. R. C. P. No. 2029 (a) prevailed over any inconsistent provisions of The Divorce Law of May 2, 1929,

P. L. 1237; that neither a minor respondent nor her guardian ad litem might enter an appearance so as to confer jurisdiction upon the court in the absence of a valid service of process; and that in the absence of such service the appointment of a master and all later steps were void.

The court, at page 251, stated:

"This rule must prevail over any inconsistent provision of The Divorce Law of 1929 because the rule was promulgated after the said Act of 1929 was approved."

Under the practice prior to the new rule, in a divorce case in which there was a minor respondent, service upon both the minor and upon his or her guardian was required: Act of May 2, 1929, P. L. 1237, sec. 27, 23 PS §27. Under The Divorce Law of 1929, as amended in 1935, a respondent could cause an appearance to be entered which would have the effect of a personal service: Act of May 2, 1929, P. L. 1237, sec. 31, as amended by the Act of July 10, 1935, P. L. 644, sec. 1, 23 PS §31. However, a minor at common law could not, because of his incompetency, employ an attorney and, therefore, could not cause an appearance to be entered for him, and a guardian ad litem, though, of course, qualified to enter an appearance for himself, could not enter an appearance for the minor whom he represented: 31 C. J. 1150, §320. Accordingly, since The Divorce Law does not specifically provide a method by which a minor may cause an appearance to be entered, the common-law rule would continue to apply, and the case is correctly decided insofar as it holds that the entry of an appearance by a guardian ad litem on behalf of a minor respondent is ineffective to confer jurisdiction over a minor in divorce proceedings.

The master to whom the case was referred filed his report, after due notice to the parties in interest, wherein he made a recommendation that a decree be entered by this court dismissing the libel on the ground that the court has no jurisdiction over the cause of

action, and on the further ground that all proceedings subsequent to the return day of the subpœna are void. No exceptions were filed to the findings of fact or conclusions of law of the master, although the master gave all counsel of the parties five days' notice, in writing, of the time for filing of the master's report, and although the master posted a notice in the office of the Prothonotary of Beaver County for a like period, as provided by rule 136 of this court. We agree with the master that the libel should be dismissed, and we therefore make the following

### Order

Now, to wit, November 21, 1947, for the reasons stated in the foregoing opinion the libel is dismissed at the cost of libellant.